[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  13-14947
Non-Argument Calendar

_____

D.C. No. 1:11-cv-00270-JRH-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATRON REDOLOS WARE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 14, 2014)

Before HULL, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal

waiver in Ware's plea agreement is GRANTED IN PART and DENIED IN PART,

but Ware's conviction for conspiring to commit money laundering is AFFIRMED. The Government's motion is GRANTED insofar as it concerns Ware's sentencing claims because he knowingly and voluntarily entered into the appeal waiver in his plea agreement. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily). The Government's motion is DENIED insofar as it concerns Ware's challenge to the sufficiency of the factual basis underlying his conviction for conspiring to commit money laundering. However, because there was a sufficient factual basis for Ware's guilty plea, we AFFIRM his conviction for conspiring to commit money laundering. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1163 (5th Cir. 1969) (stating that summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case").